# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
**No. 17-687V**
**Filed: July 20, 2018**
UNPUBLISHED

| | |
|---|---|
| KRISTIE MCCLURE,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ann Mayhew Golski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Lynn Elizabeth Ricciardella, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 6, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered an "on-table" left shoulder injury as a result of a vaccine containing tetanus toxoid, administered on November 7, 2015.  Petition at 1- 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 8, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA").  On July 18, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $$80,355.32, consisting of $80,000.00 for pain and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

suffering and $355.32 for past unreimbursed expenses, as well as $1,141,30, representing funds to satisfy a State of North Carolina Medicaid lien.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award. (*See also* petitioner's status report at ECF No. 41.)  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner $81,496.62 in the form of two lump sum payments as follows:**

- **A lump sum payment of $80,355.32, representing $80,000.00 in compensation for pain and suffering and $355.32 for past unreimbursable expenses, in the form of a check payable to petitioner, Kristie McClure; and**

- **A lump sum payment of $1,141.30, representing compensation for satisfaction of the State of North Carolina Medicaid lien, payable jointly to petitioner and to:**

**North Carolina Division of Medical Assistance**
**Office of the Controller**
**2022 Mail Service Center**
**Raleigh, NC 27699-2022.**

Petitioner agrees to endorse this payment to the North Carolina Division of Medical Assistance.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| KRISTIE MCCLURE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-687V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Compensation for Vaccine Injury-Related Items:**

On February 6, 2018, respondent filed a Vaccine Rule 4(c) report concluding that

petitioner, Kristie McClure, suffered an injury that is compensable under the National Childhood

Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-1 to -34.  Accordingly, on February

8, 2018, the Chief Special Master issued a Ruling on Entitlement.

Respondent now proffers that, based on the evidence of record, petitioner should be

awarded $80,355.32, consisting of $80,000.00 for pain and suffering and $355.32 for past

unreimbursed expenses.  This amount represents all elements of compensation to which

petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Respondent further proffers that petitioner, Kristie McClure, should be awarded funds to

satisfy, in full, the State of North Carolina Medicaid lien in the amount of $1,141.30, which

represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the

State of North Carolina may have against any individual as a result of any Medicaid payments the

State of North Carolina has made to or on behalf of Kristie McClure from the date of her

1

eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act.

## II.   **Form of the Award:**

The parties recommend that the compensation provided to Kristie McClure should be made through two lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

(1) A lump sum payment of $80,355.32 in the form of a check payable to petitioner, Kristie McClure.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled; and

(2) A lump sum payment of $1,141.30, representing compensation for satisfaction of the State of North Carolina Medicaid lien, payable jointly to petitioner and to:

North Carolina Division of Medical Assistance
Office of the Controller
2022 Mail Service Center
Raleigh, NC  27699-2022

Petitioner agrees to endorse this payment to the North Carolina Division of Medical Assistance.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Lynn E. Ricciardella
LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4356

Dated:  July 18, 2018